UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No. 20-cv-03656-HSG<br><br>**ORDER GRANTING DEFENDANT INDIANA LUMBERMEN'S MUTUAL INSURANCE COMPANY'S APPLICATION FOR DETERMINATION OF GOOD FAITH SETTLEMENT**<br><br>Re: Dkt. No. 142 |

Pending before the Court is the application for good faith settlement determination filed by Defendant Indiana Lumbermen's Mutual Insurance Company ("ILM"). Dkt. No. 142. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons below, the Court **GRANTS** the motion for good faith settlement determination.

I.  **BACKGROUND**

In the operative complaint, Plaintiff Travelers Property Casualty Company of America asserts a cause of action against Defendant ILM for equitable contribution. *See* Dkt. No. 76 ("SAC") at ¶¶ 14–15, 52–60. ILM contends that as a prerequisite to any potential liability, it required service of a demand or tender correspondence setting forth a contractual duty to defend and indemnify. *See* Dkt. No. 95. Plaintiff and ILM have confirmed through the discovery process that ILM never received nor was served with a demand or tender correspondence. *See* Dkt. No. 142 at 4, 7. ILM thus maintains that it never had a duty to defend and/or indemnify Plaintiff, and the SAC fails as a matter of law. *Id.*

ILM seeks approval of a settlement agreement under which Plaintiff will dismiss the

1    operative complaint with prejudice and ILM has agreed to waive costs.

## II.     DISCUSSION

ILM requests an order determining that the Settlement Agreement was made in good faith pursuant to California Code of Civil Procedure § 877.6.

Section 877.6 authorizes a court to determine whether a settlement between the plaintiff and one or more defendants was made in good faith in an action in which it is alleged that "two or more parties are joint tortfeasors or co-obligors on a contract debt . . . ."  Cal. Civ. Proc. Code § 877.6.  "A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the setting tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." *Id.* at § 877.6(c).

The California Supreme Court has explained that a settlement is made in "good faith" if it is "within the reasonable range of the settling tortfeasor's proportional share of comparative liability for the plaintiff's injuries," taking into account the facts and circumstances of the particular case.  *See Tech-Bilt, Inc. v. Woodward-Clyde Associates*, 38 Cal. 3d 488, 499 (Cal. 1985).  When determining whether a settlement has been entered into in good faith, a court considers the following factors:  (1) a rough approximation of the plaintiff's total recovery and the settlor's proportionate liability; (2) the amount paid in settlement; (3) a recognition that a settlor should pay less in settlement than if found liable after a trial; (4) the allocation of the settlement proceeds among plaintiffs; (5) the settlor's financial condition and insurance policy limits, if any; and (6) evidence of any collusion, fraud, or tortious conduct between the settlor and the plaintiffs aimed at making the non-settling parties pay more than their fair share.  *Id*.

Having considered the relevant *Tech-Bilt* factors, the Court finds that the proposed settlement was entered into in good faith pursuant to § 877.6.  First, the burden of proof lies with the party who asserts lack of good faith.  *See* Cal. Civ. Proc. Code § 877.6(d).  But no party has disputed that the agreement was made in good faith.  Moreover, although ILM has not agreed to compensate Plaintiff, the Court still finds that the settlement is "within the reasonable range of the settling tortfeasor's proportional share of comparative liability for the plaintiff's injuries." *Tech-*

*Bilt*, 38 Cal. 3d at 499. As noted above, ILM never received or was served with a demand or tender correspondence, which was required to trigger any duty to defend or indemnify. ILM, for its part, also agreed to waive costs, which currently total approximately $8,750. At minimum, the Court finds that this settlement is not so far "out of the ballpark" as to be inconsistent with the equitable objectives of § 877.6. *Tech-Bilt*, 38 Cal. 3d at 499-500. And finally, the Court is aware of no evidence of collusion, fraud, or tortious conduct between the parties in this case.

### III.   CONCLUSION

Accordingly, the Court **GRANTS** the motion for good faith settlement determination.

**IT IS SO ORDERED.**

Dated:   10/31/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge